OPINION
{¶ 1} Appellant, Dana Thomas Mack, appeals from the February 15, 2005 judgment entry of the Trumbull County Court of Common Pleas, Juvenile Division, overruling her objections to the magistrate's decision and awarding custody to appellee, Dennis Thomas.
 {¶ 2} Appellant and appellee were married on August 5, 1988, and one child, Sinead Cheyenne Thomas ("Sinead"), d.o.b. October 2, 1990, was born as issue of the *Page 2 
marriage.[1] Appellee later filed a complaint for divorce against appellant, which was granted on June 2, 1992.
 {¶ 3} Appellant later had three other children (collectively "minor children"), Serene "Stormy" Thomas ("Stormy"), d.o.b. October 1, 1994; Stacey Mack ("Stacey"), d.o.b. May 24, 1996; and Dennis Grant Justice Thomas ("Dennis"), d.o.b. May 31, 2003. Appellee is not the biological father of any of these three minor children.[2]
 {¶ 4} On August 29, 1995, the trial court determined that Sinead and Stormy were dependent children, due to appellant's history of domestic violence and drug abuse, as well as the fact that one of the children was left alone and unsupervised on the floor with marijuana and drug paraphernalia evident when law enforcement officials attempted to serve appellant with a domestic violence warrant. On June 5, 1996, appellee was granted legal custody of Sinead and Stormy.
 {¶ 5} On July 16, 1996, less than two months after her birth, Stacey was placed into the emergency possession and care of the Trumbull County Children Services Board ("TCCSB"), because a social worker observed, and appellant admitted, that Stacey was not properly maintained on an apnea monitor according to medical instructions. On October 1, 1996, the trial court determined that Stacey was a dependent child. The prior dispositional order of temporary custody to the TCCSB was terminated, and legal custody of Stacey was restored to appellant on March 6, 1997.
 {¶ 6} On July 25, 1997, the trial court ordered that the custody of Stormy be returned to appellant, and that appellee would have visitation rights. *Page 3 
 {¶ 7} On June 3, 2003, a few days after his birth, Dennis was placed into the emergency possession and care of the TCCSB, because appellant was in the psychiatric unit due to a cocaine overdose and Dennis experienced tremors and shaking. The trial court determined that Dennis was a dependent child.
 {¶ 8} On June 20, 2003, the trial court appointed a guardian ad litem for the minor children. On July 9, 2003, the trial court granted temporary custody of Stormy and Stacey to appellee, and Dennis to the TCCSB. On December 4, 2003, appellee was granted temporary custody of Dennis.
 {¶ 9} On October 25, 2004, the TCCSB filed a motion to terminate temporary custody and grant legal custody of the minor children to appellee. In his January 19, 2005 decision, the magistrate granted legal custody of the minor children to appellee. Appellant filed objections on February 2, 2005.
 {¶ 10} Pursuant to its February 15, 2005 judgment entry, the trial court overruled appellant's objections to the magistrate's decision and awarded custody of the minor children to appellee. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[3]
 {¶ 11} "[1.] The trial court erred when it did not address the potential conflict between the best interests of the minor children and their wishes and did not assign a separate attorney for the elder children.
 {¶ 12} "[2.] The trial court's decision in granting legal custody to the appellee was against the manifest weight of the evidence." *Page 4 
 {¶ 13} A review of appellant's assignments of error is hampered by her failure to file an App.R. 9(C) or (D) statement.
 {¶ 14} Juv.R. 37(A) states: "[t]he juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device."
 {¶ 15} In compliance with the Juv.R. 37(A) mandate, the juvenile court provided a means of recording the proceedings, i.e., a videotaping device. However, appellant correctly notes that the tapes are inaudible.[4]
 {¶ 16} "The duty to provide a transcript for appellate review falls upon the appellant." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; see, also, App.R. 9(B). Where no record is available, or where the record is incomplete, App.R. 9(C) establishes a procedure which the appellant may follow to complete the record: "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means * * *." App.R. 9(C) further allows the appellee to object or propose amendments to the appellant's prepared statement and requires approval by the trial court. *Page 5 
 {¶ 17} Again, on October 31, 2005, this court sua sponte dismissed appellant's appeal for failure to prosecute. On July 10, 2006, appellant filed an application for reconsideration, which this court overruled on August 3, 2006. On November 1, 2006, appellant filed a motion to reinstate the appeal.
 {¶ 18} Pursuant to our February 8, 2007 judgment entry, this court granted appellant's motion to reinstate the appeal. We indicated that "since it appears that it may not be possible for the transcript of proceedings to be prepared due to an inaudible audiotaped recording, newly appointed counsel is granted leave to either file the transcript of proceedings or an App.R. 9(C) statement with this [c]ourt within thirty (30) days from the date of this judgment."
 {¶ 19} On February 26, 2007, appellant filed her notice of appeal, indicating that a statement pursuant to App.R. 9(C) or (D) was to be prepared in lieu of a transcript. Also on that date, appellant filed a motion for an extension of time to file an App.R. 9(C) statement of facts. Pursuant to our February 28, 2007 judgment entry, this court granted appellant's motion for an extension of time to file an App.R. 9(C) statement to April 11, 2007. On March 22, 2007, appellant filed a motion for an extension of time to file her brief, due to the fact that the App.R. 9(C) statement was not completed. In our March 29, 2007 judgment entry, this court granted appellant's motion to file the statement of the evidence or proceedings to May 11, 2007.
 {¶ 20} Appellant alleges in her brief that she filed an App.R. 9(C) statement. However, a thorough review of the record before us, as well as the docket of the juvenile court, reveals that no App.R. 9(C) statement was ever filed. Although the transcript is not available through no fault of appellant, when a situation such as this *Page 6 
occurs, App.R. 9 creates a mechanism through which the error can be corrected. Appellant's failure to even attempt to comply with App.R. 9(C) forces us to overrule her assignments of error. Without a transcript or App.R. 9 equivalent, we must presume the regularity of the trial court's proceedings and affirm. Knapp, supra, at 199.
 {¶ 21} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] The custody of Sinead is not at issue in this appeal.
[2] Drew Reid is the biological father of Stormy. The biological father(s) of Stacey and Dennis is/are unknown.
[3] On October 31, 2005, this court sua sponte dismissed appellant's appeal for failure to prosecute. On November 1, 2006, appellant filed a motion to reinstate the appeal, which this court granted on February 8, 2007.
[4] According to the September 22, 2005 affidavit of Tina M. Adler, Official Court Reporter, the 2004 hearings at issue were recorded under the old VHS system. In January 2005, the Trumbull County Family Court replaced the old VHS taping system and installed a new digital recording system that uses DVDs rather than VHS tapes. She indicated that she was unable to produce an accurate transcript due to the very poor audio when transferred from VHS to the new DVD system. *Page 1