OPINION
{¶ 1} Appellant, Dana Thomas Mack, appeals from the February 15, 2005 judgment entry of the Trumbull County Court of Common Pleas, Division of Domestic Relations, Juvenile Division, overruling her objections to the magistrate's decision and awarding custody of her three children to their step father, appellee, Dennis Thomas. For the reasons herein, we affirm. *Page 2 
 {¶ 2} Appellant and appellee were married on August 5, 1988, and one child, Sinead Cheyenne Thomas ("Sinead"), d.o.b. October 2, 1990, was born as issue of the marriage.[1] Appellee later filed a complaint for divorce against appellant, which was granted on June 2, 1992.
 {¶ 3} Appellant later had three other children (collectively "minor children"), Serene "Stormy" Thomas ("Stormy"), d.o.b. October 1, 1994; Stacey Mack ("Stacey"), d.o.b. May 24, 1996; and Dennis Grant Justice Thomas ("Dennis"), d.o.b. May 31, 2003. Appellee is not the biological father of any of these three minor children.[2]
 {¶ 4} On August 29, 1995, the trial court determined that Sinead and Stormy were dependent children, due to appellant's history of domestic violence and drug abuse and because one of the children was left alone and unsupervised on the floor with marijuana and drug paraphernalia evident when law enforcement officials attempted to serve appellant with a domestic violence warrant. On June 5, 1996, appellee was granted legal custody of Sinead and Stormy.
 {¶ 5} On July 16, 1996, less than two months after her birth, Stacey was placed into the emergency possession and care of the Trumbull County Children Services Board ("TCCSB"), because a social worker observed, and appellant admitted, Stacey was not properly maintained on an apnea monitor according to medical instructions. On October 1, 1996, the trial court determined that Stacey was a dependent child. The prior dispositional order of temporary custody to the TCCSB was terminated, and legal custody of Stacey was restored to appellant on March 6, 1997. *Page 3 
 {¶ 6} On July 25, 1997, the trial court ordered that the custody of Stormy be returned to appellant, and that appellee would have visitation rights.
 {¶ 7} On June 3, 2003, a few days after his birth, Dennis was placed into the emergency custody and care of the TCCSB, because appellant was in the psychiatric unit due to a cocaine overdose and Dennis experienced tremors and shaking. The trial court determined that Dennis was a dependent child.
 {¶ 8} On June 20, 2003, the trial court appointed a guardian ad litem for the minor children, Attorney Susan E. Rudnicki ("GAL"). On July 9, 2003, the trial court granted temporary custody of Stormy and Stacey to appellee, and Dennis to the TCCSB. On December 4, 2003, appellee was granted temporary custody of Dennis.
 {¶ 9} On October 25, 2004, the TCCSB filed a motion to terminate temporary custody and grant legal custody of the minor children to appellee. In his January 19, 2005 decision, the magistrate granted legal custody of the minor children to appellee. Appellant filed objections on February 2, 2005.
 {¶ 10} Pursuant to its February 15, 2005 judgment entry, the trial court overruled appellant's objections to the magistrate's decision and awarded custody of the minor children to appellee. It is from that judgment that appellant filed a timely notice of appeal.[3]
 {¶ 11} On October 19, 2007, this court affirmed the judgment of the trial court. In re Mack, 11th Dist. No. 2005-T-0033, 2007-Ohio-5615. We held that a review of *Page 4 
appellant's assignments of error was hampered by her failure to file an App. R. 9(C) or (D) statement.[4]
 {¶ 12} On October 24, 2007, appellant filed a motion for reconsideration pursuant to App. R. 26(A). Appellant maintained that she prepared a statement of facts and submitted it to the Trumbull County Court of Common Pleas, Juvenile Division, as well as to this court. Appellant attached to her motion an affidavit of her attorney as well as mailing receipts, dated April 27, 2007, indicating shipments to the juvenile court and to this court. In her attorney's affidavit, appellant's counsel said that she prepared a statement of facts on or about April 27, 2007. Appellant did not attach a statement of facts to her motion. A thorough review of the record before us, as well as the docket of the juvenile court, revealed that no App. R. 9(C) statement was ever filed at that time.
 {¶ 13} However, pursuant to our December 6, 2007 judgment entry, this court granted appellant's motion for reconsideration and vacated our prior opinion. We stated that upon consideration and in the interests of justice, appellant made a prima facie showing for this court to reconsider our prior decision. Thus, we remanded the matter to the trial court for the sole purpose for appellant to comply with the requirements of App. R. 9(C).
 {¶ 14} Pursuant to this court's remand, appellant filed an App. R. 9(C) statement on December 13, 2007, which was approved by the trial court on February 4, 2008. Appellant asserts two assignments of error for our review. Her first assignment of error reads: *Page 5 
 {¶ 15} "The trial court erred when it did not address the potential conflict between the best interests of the minor children and their wishes and did not assign a separate attorney for the elder children."
 {¶ 16} In her first assignment of error, appellant argues that the trial court erred by failing to address the potential conflict between the best interests of the minor children and their wishes, and did not assign a separate attorney for the elder children.
 {¶ 17} Pursuant to R.C. 2151.352 indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel in all juvenile proceedings. See State ex rel. Asberry v.Payne (1998), 82 Ohio St.3d 44, 48. However, in In re Williams,101 Ohio St.3d 398, 2004-Ohio-1500, the Supreme Court of Ohio determined this right to counsel is not absolute at least as it pertains to children. The court specifically held "pursuant to R.C. 2151.352, as clarified by Juv. R. 4(A) and Juv. R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding, and therefore is entitled to independent counsel in certaincircumstances." (Emphasis added.) Williams, at syllabus. TheWilliams court did not outline what circumstances might trigger the juvenile court's duty to appoint counsel but presumably it was triggered by the facts before it.
 {¶ 18} In Williams, the child whose custody was at issue repeatedly expressed his desire to remain with his mother. However, the GAL appointed for the child recommended that permanent custody be granted to CSB. Because the child's best interests conflicted with the recommendation of the GAL, the Supreme Court concluded the child was entitled to counsel. *Page 6 
 {¶ 19} From the facts in Williams, one can therefore reasonably infer that when a child, after being interviewed in camera, expresses a clear wish to remain with the mother and that wish is in conflict with the GAL, then the court should appoint counsel for the child. In reWylie, 2d Dist. No. 2004CA0054, 2004-Ohio-7243 at ¶ 70-74; see, also,In re J.P.-M., 9th Dist. Nos. 23694 and 23714, 2007-Ohio-5412, at ¶ 56
(holding isolated comment from child to mother during visitation that he "wants to come home" was not a "repeated or consistently held opinion" of the child that would reveal a conflict between GAL's recommendation to grant permanent custody to CSB and the child's desires that would necessitate appointment of counsel per Williams); In re I.M., 2d Dist. No. 21977, 2007-Ohio-4614, at ¶ 20 (holding when a child, after an in camera interview, has no articulated preference regarding where she wished to live, there was no conflict between the GAL's recommendation and the child's desires and therefore counsel need not be appointed.)
 {¶ 20} Here, the GAL recommended to the trial court that the children should be placed with appellee, Dennis Thomas, as he stood in loco parentis and had a long history of caring for the children. The magistrate addressed the wishes of the children during an in camera interview with the minor children. The youngest child, Dennis, was considered too young to interview. Although the oldest two children, Stormy and Stacey, did not express a preference as to their custodian, they stated they liked to be in the same home with their oldest sister, the biological daughter of appellee. They also explained that they did not like the neighborhood where their mother lives. Although not an express choice to live with appellee over their mother, it is clear that their wishes were not in conflict with the GAL. *Page 7 
 {¶ 21} The facts before the trial court did not indicate any conflict between the GAL's recommendation and the wishes of the children. Moreover, the trial court outlined the facts before it which indicated it considered the issue of whether there was a conflict. With no evidence of a conflict, the trial court was not required to appoint separate counsel for the children. Thus, the trial court properly followed the procedure set forth in Williams, supra, in arriving at its determination that no independent counsel was necessary. As we find no error in the trial court's decision, appellant's first assignment of error is overruled.
 {¶ 22} Appellant's second assignment of error asserts:
 {¶ 23} "The trial court's decision in granting legal custody to [appellee] was against the manifest weight of the evidence."
 {¶ 24} An appellate court considering a trial court's decision to adopt a magistrate's decision reviews the record for an abuse of discretion. Hayes v. Hayes, 11th Dist. No. 2005-L-138, 2006-Ohio-6538, at ¶ 10. Moreover, this court reviews a trial court's judgment on custody matters for an abuse of discretion. In re Memic, 11th Dist. Nos. 2006-L-049, 2006-L-050, and 2006-L-051, 2006-Ohio-6346, at ¶ 25. An abuse of discretion contemplates more than an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Essentially, when a court abuses its discretion, the judgment under review comports neither with the record nor objective principles of reason. See In reWiley, 11th Dist. No. 2007-P-0013, 2007-Ohio-7123, at ¶ 17.
 {¶ 25} Under her second assignment of error, appellant contends the trial court erred in adopting the magistrate's decision because it failed to assign adequate weight *Page 8 
to her progress in meeting various requirements in her case plan. Appellant further argues the trial court failed to fully consider the children's best interests in rendering its judgment, viz., the children's interaction and interrelationship with appellant, their adjustment to their home school and community, and the mental and physical health of all persons involved in their living situation.
 {¶ 26} In its judgment entry, the trial court found the magistrate properly reviewed all the statutory factors and, in so doing, properly concluded the best interests of the children would be served by awarding legal custody to Dennis Thomas. A review of the magistrate's decision and the App. R. 9(C) submission indicates the trial court did not abuse its discretion in drawing these conclusions. That is, the magistrate's decision was supported by competent, credible evidence and therefore, by implication, is supported by the manifest weight of the evidence.Memic, supra, at ¶ 21, citing C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 27} A review of the record demonstrates each of the factors appellant alleges were not given adequate weight were properly considered and discussed in the magistrate's decision and used as a foundation for the magistrate's conclusion. Specifically, the magistrate considered the children's interaction with appellant as well as appellee and, in doing so, emphasized the bond they shared with both parents.
 {¶ 28} In considering the children's adjustment to their home, school, and community the magistrate determined:
 {¶ 29} "The children know Mr. Thomas as their father, and have lived with him and their half-sibling for 18 months under these orders, and for additional times prior. His home was and is there [sic] only stable home. The physical location of Mr. Thomas' *Page 9 
home is superior to that of Mrs. Thomas. The children prefer the safer neighborhood of Mr. Thomas' home."
 {¶ 30} These conclusions were supported by the record and therefore reasonably adopted by the trial court.
 {¶ 31} The magistrate further considered the mental and physical health of all persons involved in the children's lives. In so doing, the magistrate underscored appellant's history of drug and alcohol abuse and her lack of cooperation with her substance abuse treatment. The magistrate found appellant's history demonstrated continuous patterns of sobriety followed by relapse. Although appellant indicated she had made some progress with her substance abuse problems, the magistrate determined her demeanor was inconsistent with someone who had "changed lifestyles." Notwithstanding appellant's contentions to the contrary, the magistrate's conclusions were supported by the record.
 {¶ 32} Finally, as discussed under appellant's first assignment of error, the magistrate found that the GAL recommended appellee be awarded custody of the children. The magistrate additionally determined that, although the two older children did not assert a conclusive preference regarding their living arrangements, they did state they would like to remain in the same home as their eldest sister (who resides with appellee) and they did not like the neighborhood in which appellant's residence is situated. These conclusions are supported by the record.
 {¶ 33} Considering the record as a whole, it is manifest that the magistrate's decision was supported by competent, credible evidence. The trial court did not abuse *Page 10 
its discretion in adopting the magistrate's decision. Therefore, appellant's second assignment of error lacks merit.
 {¶ 34} For the reasons discussed in this opinion, appellant's two assignments of error are overruled. It is therefore the order of this court that the judgment entry of the Trumbull County Court of Common Pleas, Division of Domestic Relations, Juvenile Department be affirmed.
TIMOTHY P. CANNON, J., concurs,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion
[1] The custody of Sinead is not at issue in this appeal.
[2] Drew Reid is the biological father of Stormy. The biological father(s) of Stacey and Dennis is/are unknown.
[3] On October 31, 2005, this court sua sponte dismissed appellant's appeal for failure to prosecute. On November 1, 2006, appellant filed a motion to reinstate the appeal, which this court granted on February 8, 2007.
[4] We note that the videotapes of the juvenile court proceedings are inaudible.