[Cite as *In re S.E.*, 2011-Ohio-2042.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 96031

---

## IN RE: S.E.

## A Minor Child

## [Appeal by Mother]

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 95993327

**BEFORE:** Boyle, P.J., Jones, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 28, 2011

**ATTORNEY FOR APPELLANT, L.G.**

Betty C. Farley
1801 East 12th Street
Chesterfield Building, Suite 211
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEES**

**For C.C.**

Sam Thomas, III
614 West Superior Avenue, #1100 - 1106
Cleveland, Ohio   44113

**For C.C.D.C.F.S.**

William D. Mason
Cuyahoga County Prosecutor
BY:   Yvonne C. Billingsley
Cuyahoga County Department of Children and
Family Services
3955 Euclid Avenue, Room 305E
Cleveland, Ohio   44115

**Guardian Ad Litem**

William T. Beck
13001 Athens Avenue
Suite 200
Lakewood, Ohio   44107

MARY J. BOYLE, P.J.:

{¶ 1}  Appellant-L.G. [1] ("mother") appeals the judgment of the trial court  granting legal custody of her minor daughter, S.E., to the paternal grandmother, appellee-C.C. ("grandmother").   We affirm.

Procedural History and Facts

{¶ 2}  In June 2010, grandmother commenced the underlying action in juvenile court, seeking custody of S.E. (born December 13, 1995), alleging that mother was physically and mentally abusing S.E. and that S.E. was threatening to run away.   Grandmother also moved for emergency temporary custody pending the hearing on her motion.   On July 1, 2010, the trial court held a hearing on grandmother's motion for emergency custody and ultimately granted the motion.   The trial court also appointed a guardian ad litem ("GAL") for S.E.

{¶ 3}  On October 12, 2010, an evidentiary hearing was held before a magistrate on the motion for custody.   Both mother and grandmother appeared at the hearing and proceeded pro se, where they addressed the court.   Grandmother testified that she is "in fear of mother's temper" and what harm she may cause S.E.   According to grandmother, since she has had temporary custody of S.E. pending the hearing in this case, S.E.'s well being

[1] The parties are referred to by their initials or title in accordance with this court's established

and performance in school has improved. Grandmother indicated that S.E. has been receiving counseling because S.E. was having "a lot of nightmares and waking up screaming at night." She further stated that she took S.E. for a physical and updated her vaccinations, which had been neglected, and that she arranged for S.E. to get glasses "because the doctor said her eyesight is very, very bad." Grandmother asked the court to award her custody so that she could provide S.E. with a safe environment.

{¶ 4} According to mother, S.E. has not suffered any physical abuse. She denied ever beating her daughter. She testified that S.E. ran away from home and called grandmother because she did not want to face the repercussions of having been suspended from school. Mother further pointed out that CCDCFS found that the allegations of abuse were unsubstantiated. As for S.E.'s absences from school, namely, 66 days in the last school year, mother explained that S.E. "missed a significant amount of days of school because [mother] moved and [her] transmission had went out on [her] van."

{¶ 5} S.E., who was nearly 15 years old at the time, testified at the hearing. She stated that her mother "would whoop [her] with extension cords and with pots." She further indicated that her mother told her to lie at the July 1st hearing and, if she blamed her grandmother, her mother "would get [her] a cell phone and $50." S.E. explained that her absences from school

policy regarding non-disclosure of identities in juvenile cases.

arose as a result of having to watch her siblings or because she had visible marks from being beaten. S.E. testified that her relationship with her younger sister and brother is not good and that her mother only hits her and not them. As for living with her grandmother, S.E. testified that "it's good [b]ecause she always show me that she love me and she never say nothing mean or hurt my feelings. And then when I talk down myself, she always tell me stop saying stuff like that." S.E. further told the court that she wants to live with her grandma.

{¶ 6} The magistrate next heard from the GAL, who corroborated that S.E. is "doing very well" in her new school. The GAL testified that "in working with [S.E.] for the past four or five months, * * * her emotional well-being has improved dramatically." The GAL testified that his investigation revealed that S.E. had missed 66 days of school last year and that school officials were concerned as to the basis for the absences but that they did not find any abuse allegations substantiated. He testified, however, that S.E. "has maintained that she was physically and mentally and verbally abused by her mother over a period of time. She has maintained that she has no desire to reside with her mother. She has maintained that she wants to reside with her paternal grandmother." The GAL further testified that he recommended that the court grant grandmother legal custody of S.E.

**{¶ 7}** At the conclusion of the hearing, the magistrate agreed with the recommendation of the GAL and found, inter alia, that mother was not suitable. The magistrate further memorialized her findings in a written journal entry, setting forth the "best interest" statutory factors and concluding that the grandmother should be designated as the legal custodian.

**{¶ 8}** The mother subsequently filed objections, which the trial court overruled and adopted the decision of the magistrate.

**{¶ 9}** Mother appeals, raising the following two assignments of error:

**{¶ 10}** "I. The trial court decision to grant legal custody of the child to the paternal grandmother was not based on a preponderance of the evidence and therefore constitutes an abuse of discretion.

**{¶ 11}** "II. The trial court's decision to grant legal custody of the child to the paternal grandmother was against the manifest weight of the evidence."

Evidentiary Support for Custody Award

**{¶ 12}** Mother argues in her first assignment of error that the trial court's award of custody is not supported by a preponderance of the evidence. In her second assignment of error, she argues that the award of custody to the grandmother is against the manifest weight of the evidence. We disagree.

**{¶ 13}** Initially, we note that we review a trial court's decision to adopt a magistrate's decision pursuant to an abuse of discretion standard of review.

*In re Mack*, 11th Dist. No. 23641, 2008-Ohio-4973, ¶24. We likewise review a trial court's award of legal custody pursuant to an abuse of discretion. *In re Nice,* 141 Ohio App.3d 445, 455, 2001-Ohio-3214, 751 N.E.2d 552; *In re R.R.*, 9th Dist. No. 23641, 2007-Ohio-4808. Applying this deferential standard of review, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio St. Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. Essentially, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. *In re Wiley*, 11th Dist. No. 2007-P-0013, 2007-Ohio-7123, ¶17.

{¶ 14} We further note that the award of legal custody where parental rights are not terminated, such as in the instant case, is not as drastic a remedy as permanent custody. See *Nice* at 445. Therefore, the trial court's standard of review in legal custody proceedings is not clear and convincing evidence, as it is in permanent custody proceedings, but merely a preponderance of the evidence. Id. "'Preponderance of the evidence' means evidence that is more probable, more persuasive or of greater probative value." *In re N.F. & C.M.*, 10th Dist. Nos. 08AP-1038 and 08AP-1039, 2009-Ohio-2986, ¶9.

{¶ 15} Mother's two assignments of error focus on the trial court's determination that an award of legal custody was necessary to serve the best interest of S.E. According to mother, grandmother failed to satisfy her burden of establishing by a preponderance of the

evidence the best interest standard. She further argues that the trial court failed to make an unsuitability determination and that the award of legal custody to the grandmother is against the manifest weight of the evidence. We find mother's arguments unpersuasive.

{¶ 16} It is well settled that a finding of parental unsuitability is "a necessary first step in child custody proceedings between a natural parent and nonparent." *In re Hockstock*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶18. There are four circumstances, if proven by a preponderance of the evidence, that support a parental unsuitability determination: "[1] that the parent abandoned the child; [2] contractually relinquished custody of the child; [3] that the parent has become totally incapable of supporting or caring for the child; or [4] that an award of custody to the parent would be detrimental to the child." *In re Perales* (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047, syllabus. While mother contends that there is no evidence to support either of the first three situations, she raises no argument challenging the fourth circumstance. Here, the trial court specifically found that the mother was not suitable based on several factors, including the court's belief that the child was suffering abuse, missing a third of the school year, and experiencing fear in the mother's home. We therefore find that the parental unsuitability determination was satisfied.

{¶ 17} The gravamen of mother's remaining arguments is that the magistrate wrongfully believed the testimony of S.E. over her own testimony and that the magistrate improperly allowed the grandmother to introduce evidence that was not admissible. But

mother never objected at the hearing or in her written objections to the admission of any of the evidence that she now complains was inadmissible, namely, the letter written by S.E.'s father, hospital records, and alleged hearsay statements. See *In re D.S.*, 12th Dist. Nos. CA2010-08-058, CA2010-08-064, and CA2010-08-065, 2011-Ohio-1279 (failure to set forth specific objection to magistrate's decision waives such grounds on appeal; decision must be affirmed absent plain error). The doctrine of plain error "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1009, syllabus. Assuming, without deciding that such evidence was inadmissible, we find no plain error because the record does not reflect that the court even relied on this evidence in reaching its conclusion. Further, the magistrate's decision is supported by other properly admitted evidence, such as the GAL's testimony and the child's testimony.

{¶ 18} Likewise, in reviewing a manifest weight of the evidence challenge, this court will not reverse a judgment that is supported by some competent, credible evidence. *In re Wiley* at ¶19, citing *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Further, under such a challenge to the judgment below, we are guided by the presumption that "the findings of the trial court are correct since the trial court is best able to

view the witnesses and observe their demeanor, gestures and voice reflections and use these observations in weighing the credibility of the testimony." *In re Dawkins*, 10th Dist. No. 02AP-1024, 2003-Ohio-4503, ¶17, citing *In re Jane Doe* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181. Based on the record before us, we cannot say that the judgment is against the manifest weight of the evidence or that grandmother failed to meet her burden of proof.

{¶ 19} Through S.E.'s testimony, the GAL's testimony, and her own testimony — all of which was properly admitted evidence — grandmother established that S.E. is now thriving in her new environment with grandmother after having extreme difficulty living with her mother. Indeed, the school year preceding S.E.'s removal from mother, she had missed a substantial amount of school and was struggling in school. S.E. further complained of being afraid of her mother and reported abuse on more than one occasion. Since her placement with grandmother, S.E.'s emotional well being and performance in school had significantly improved. Further, aside from S.E.'s own stated wishes to live with her grandmother, the GAL also recommended that grandmother be awarded legal custody, stating that such an award served the best interests of S.E. And although mother wished to remain the legal custodian of S.E., the magistrate found that mother was no longer suitable based on mother's anger issues, S.E.'s missed absences from school, and S.E.'s feelings of fear at home.

{¶ 20} To the extent that mother claims that the allegations of abuse were not substantiated by the police or CCDCFS and therefore should not have been considered by the

trial court, we note that S.E. testified as to her mother beating her. And while mother contradicted this testimony, the magistrate was free to believe S.E. over her mother's testimony. Indeed, issues of credibility are to be resolved by the trier of fact.

{¶ 21} Accordingly, because there is competent, credible evidence supporting the trial court's award of legal custody to grandmother, we cannot reverse the judgment of the trial court as being against the manifest weight of the evidence. Nor do we find that the trial court abused its discretion in awarding grandmother legal custody of S.E. The two assignments of error are overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, J., and
SEAN C. GALLAGHER, J., CONCUR