[Cite as *Stull v. Richland Cty. Children Servs.*, 2012-Ohio-738.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ASHLEE DAWN STULL | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case Nos. 11CA47 |
| RICHLAND COUNTY | : | 11CA48 |
| CHILDREN SERVICES | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Juvenile Division, Case Nos.
                                 2010DEP00027 & 2010DEP00169


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                February 24, 2012


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JEFFEREY R. STIFFLER                   EDITH A. GILLILAND
21 North Walnut Street                 731 Scholl Road
Mansfield, OH  44902                   Mansfield, OH  44907

*Farmer, J.*

{¶1} On August 27, 2008, appellee, Richland County Children Services, filed a complaint for protective supervision of G.F. born January 17, 2008, alleging the child to be dependent (Case No. 2008DEP00169). Mother of the child is appellant, Ashlee Stull; father is Brian Fielders. On December 11, 2008, the parents admitted to the child being dependent. The child was placed in protective supervision and a case plan was developed to address the issues which led to appellee's involvement.

{¶2} On February 26, 2010, appellee filed a complaint for protective supervision of B.O.C. born February 5, 2010, alleging the child to be dependent and abused (Case No. 2010DEP00027). Mother of the child is appellant; father is William Campbell. On March 25, 2010, the parents admitted to the child being abused. The child was placed in protective supervision and a case plan was developed to address the issues which led to appellee's involvement.

{¶3} On June 8, 2010, appellee filed motions for temporary custody of the children to a paternal aunt, Susan Brown. By orders filed June 10, 2010, a magistrate granted temporary orders of temporary custody to Ms. Brown. A hearing before a magistrate was held on August 17, 2010. By decisions filed September 23, 2010, the magistrate recommended the granting of temporary custody of the children to Ms. Brown. By judgment entries filed October 12 and 13, 2010, the trial court approved and adopted the magistrate's decisions.

{¶4} On December 28, 2010, appellee filed motions for legal custody of the children to Ms. Brown. A hearing before a magistrate was held on March 10, 2011. By decisions filed March 31, 2011, the magistrate recommended the granting of legal

custody of the children to Ms. Brown.  Appellant filed objections.  By judgment entries filed April 15, 2011, the trial court denied the objections and approved and adopted the magistrate's decisions.

{¶5}  Appellant filed two appeals, one for each child.  Because the hearing involved both children and the assignments of error are identical, we will address the issues in one opinion.  Assignments of error are as follows:

I

{¶6}  "THE TRIAL COURT ERRED IN AWARDING LEGAL CUSTODY OF [B.O.C. & G.F.] TO PATERNAL AUNT WITHOUT ISSUING FINDINGS OF FACT THAT REASONABLE EFFORTS HAD BEEN MADE BY RCCSB TO PREVENT REMOVAL OF THE CHILD OR TO RETURN THE CHILD TO APPELLANT'S HOME."

II

{¶7}  "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING LEGAL CUSTODY OF [B.O.C. & G.F.] TO PATERNAL AUNT, FINDING, BY A PREPONDERANCE OF THE EVIDENCE, THAT IT WAS IN THE CHILD'S BEST INTEREST."

I

{¶8}  Appellant claims the trial court erred in granting legal custody of the children to the paternal aunt because the magistrate's decisions failed to enumerate specific findings as to reasonable efforts under R.C. 2151.419.  We disagree.

{¶9}  We first note that appellant erred procedurally sub judice.  After the magistrate's decisions were filed, appellant raised objections, but failed to object to this specific claimed error.  See, Objections filed April 12, 2011.  The objections did not

argue the magistrate's lack of findings under R.C. 2151.419, but argued the need for additional assistance and time to fulfill the case plan. In addition, appellant failed to file a transcript in support of her objections as mandated by Juv.R. 40(D)(3)(b)(iii) which states the following:

{¶10} "*(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

{¶11} By judgment entries filed April 15, 2011, the trial court overruled the objections, noting findings of fact and conclusions of law where not requested under Juv.R. 40(D)(3)(a)(ii), and citing the failure to file a transcript. Pursuant to Juv.R. 40(D)(3)(b)(iv), the claimed error must be reviewed under the plain error doctrine. Civil plain error is defined in *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." The *Goldfuss* court at 121, explained the following:

{¶12} "The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings."

{¶13} We note the magistrate's March 31, 2011 decisions on the issue are vague and do not cite to any specific reasonable efforts:

{¶14} "6. The Court finds, based on the evidence presented, that Children Services has made reasonable efforts to return said child in the home of said child's mother and that it is in said child's best interests not to return in said mother's home and/or the care and custody of said mother at this time. The Court further finds that it is in said child's best interests that said child remain placed out of the home of said child's mother at this time."

{¶15} Despite the lack of specificity as to R.C. 2151.419, we find the discourse in the magistrate's decisions on the submitted evidence is broad enough to meet the minimum statutory mandates:

{¶16} "4. The Court heard testimony from Ashley Stull, mother of said child; and from Caseworker Christina Jackson. The Court, on its own Motion and without objection from any party, admitted into evidence a certain Statement of Understanding executed by Susan Brown pursuant to RC 2151.353(A)(3), designated as Court's Exhibit 1. The Court, on the Motion of Children Services and without objection from any party, admitted into evidence the following proffered exhibits: Exhibit 1, drug screen of

Ashlee Stull dated June 8, 2010; Exhibit 2-7, Progress Reports from Family Life Counseling regarding Ashlee Stull, respectively dated March 30, 2010, August 2, 2010, November 5, 2010, September 28, 2010, August 17, 2010 and December 7, 2010; Exhibit 8, Mansfield Police Department Incident Report #10-026851, dated August 31, 2010; and Exhibit 9, letter from Richland Pediatrics, Inc. dated June 18, 2010.

{¶17} "5. The Court received the written Report and Recommendation from the CASA/Guardian ad Litem in a timely manner, pursuant to Rule 48, Rules of Superintendence; and such Report and Recommendation supported the request of Children Services that legal custody be granted to Susan Brown and that protective supervision previously granted to Children Services be terminated. The Court finds that the Guardian ad Litem has verbally amended his recommendation, based on the evidence presented or otherwise, specifically recommending that protective supervision be continued in order that Children Services might assist the proposed custodian in obtaining appropriate assessment and counseling for said child's sibling with regard to anger issues."

{¶18} We find under our limited plain error review, appellant has not demonstrated any undue prejudice or manifest injustice.

{¶19} Assignment of Error I is denied.

II

{¶20} Appellant claims the trial court erred in granting legal custody to the paternal aunt as the decision was not in the best interests of the children. We disagree.

{¶21} In *In re G.M.,* Cuyahoga App. No. 95410, 2011-Ohio-4090, ¶14, our brethren from the Eighth District explained the following:

{¶22} "After a child is adjudicated abused, neglected, or dependent, the court may award legal custody to a non-parent after finding that legal custody is in the child's best interests. R.C. 2151.353(A)(3); R.C. 2151.415(B). Legal custody is significantly different than the termination of parental rights—despite losing legal custody of a child, the parents of the child retain residual parental rights, privileges, and responsibilities. R.C. 2151.353(A)(3)(c). For this reason, we apply the less restrictive 'preponderance of the evidence' standard of appellate review to the court's factual findings. *In re S.E.,* 8th Dist. No. 96031, 2011-Ohio-2042, ¶14, citing *In re Nice,* 141 Ohio App.3d 445, 455, 2001-Ohio-3214, 751 N.E.2d 552. However, when considering the court's ultimate decision on whether the facts as determined would make it in the child's best interests to be placed in legal custody, we apply the abuse of discretion standard. *In re B.H.,* 8th Dist. No. 95794, 2010–Ohio–1967, ¶10."

{¶23} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶24} The findings on best interests included the following:

{¶25} "7. The Court finds by a preponderance of the evidence and based on the evidence presented that it is in [G.F.'s/B.O.C.'s] best interest that [he/she] be placed in the legal custody of Susan Brown and that the prior order of protective supervision to Children Services be maintained. Said child's mother, Ashlee Stull, has struggled with mental health, substance abuse, and lifestyle issues since long before the Complaint herein was filed with this Court. Unfortunately, Ms. Stull has not utilized services available to resolve these issues, and, as a result, it is not in said child's best interests

to return to her care. [Brian Fielders, father, has chosen not to participate in this matter on a consistent basis, leading the Court to conclude that Children Services' Motion for legal custody to Susan Brown is in said child's best interests with regard to Mr. Fielders as well.] [William Campbell, father, has chosen not to contest Children Services' Motion, acknowledging that the award of legal custody to Susan Brown is in said child's best interests]. Said child has bonded to Ms. Brown, and it is in said child's best interests to remain in her custody and care. Protective supervision is maintained to assure that said child's sibling receives appropriate evaluation, counseling, and/or treatment for his anger issues and to assist Susan Brown in arranging appropriate visitation between [G.F./B.O.C.] and said child's parents."

{¶26} Appellant was evaluated by Family Life Counseling and Psychiatric Services and was found to have a lifelong use of marijuana which she views as not a problem. RCCSB Exhibit 2; T. at 11-12. Appellant was terminated from Family Life Counseling for failure to return for services and failure to make any progress in counseling. RCCSB Exhibits 3, 4, 5, 6, and 7. Appellant has been diagnosed with bipolar disorder and is not receiving treatment because she refuses to take her medication. T. at 13. She admits to self-medicating her mental health issues with marijuana, and she has never been employed because she "can't deal with people." T. at 14. Appellant claims getting high on "pot" relieves her anxiety and makes her feel "normal." T. at 14-16. She blames appellee for "laying in wait" for her to have a baby, she admits her use of marijuana has not stopped, and she cannot stop using marijuana even to get her children back. T. at 15, 20. Although she claims to want assistance, she does not make appointments for help. T. at 22.

{¶27} In 2010, appellant consented to legal custody of G.F. to the paternal aunt. Court Exhibit 1. Appellant admitted the child is well cared for and doing fine with Ms. Brown. T. at 24-25.

{¶28} Appellant's caseworker, Christina Jackson, testified the main concerns are appellant's mental health and her ability to function on a day-to-day basis. T. at 44. It was Ms. Jackson's opinion that appellant relies entirely on the assistance of her father. T. at 41.

{¶29} Based upon appellant's admitted refusal to seek help with her mental health issues, her self-medication with marijuana, and her agreement to legal custody, we find the evidence supports the trial court's decision. We find no abuse of discretion in granting legal custody of the children to Ms. Brown.

{¶30} Assignment of Error II is denied.

{¶31} The judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Edwards, J. concur.

_s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ Julie A. Edwards_____

SGF/sg 118                                          JUDGES

[Cite as *Stull v. Richland Cty. Children Servs.*, 2012-Ohio-738.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ASHLEE DAWN STULL | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICHLAND COUNTY | : | |
| CHILDREN SERVICES | : | |
| | : | CASE NOS. 11CA47 |
| Defendant-Appellee | : | 11CA48 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, Juvenile Division is affirmed.  Costs to appellant.


_s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ Julie A. Edwards_____

JUDGES