[Cite as *In re I.V.*, 2022-Ohio-118.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: I.V. AND X.M. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case Nos. 2021-AP-06-0014 |
| | : | 2021-AP-06-0015 |
| | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20 JN 00192 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | January 14, 2022 |

APPEARANCES:

For Appellants

DAN GUINN
232 West 3rd Street
Suite 312
Dover, OH 44622

Guardian ad Litem

NICHOLAS DOUGHTY
401 Tuscarawas Avenue
Suite 201
Canton, OH 44702

For Appellee

PAUL HERVEY
4700 Dressler Avenue, NW
Canton, OH 44718

For Tuscarawas County Job and
Family Services

LISA VITALE ARNOLD
389 16th Street, SW
New Philadelphia, OH 44663

*Wise, Earle, J.*

{¶ 1}   Appellants, Samantha and Greg Beyer, appeal the May 27, 2021 judgment entry of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, awarding legal custody of two children to appellee, Tosha Clark.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This case involves two children, I.V. born in March 2017 and X.M. born in May 2020.  Mother of the children is M.M.; father of I.V. is W.V., and he is the presumed father of X.M. although paternity has not been established.  Father passed away prior to X.M.'s birth.  In July 2020, the children were removed from mother's care and placed with appellee Clark pursuant to a "safety plan."  Clark was the fiancé of mother's half-brother Max.  They had two children together.  Max is also deceased.  In August 2020, Tuscarawas County Job and Family Services filed a complaint alleging the children to be neglected and dependent.  The agency was granted temporary custody of the children and they remained in Clark's care.

{¶ 3}   On September 1, 2020, the children's paternal aunt and uncle, appellants, the Beyers, filed a motion to intervene and a motion for temporary custody.  On September 18, 2020, Clark filed her own motion to intervene along with a motion for legal custody of the children.

{¶ 4}   On October 15, 2020, mother stipulated to a finding of neglect and dependency.  By judgment entry nunc pro tunc filed October 27, 2020, the trial court granted both motions to intervene.

{¶ 5}   Hearings on the custody motions were held on April 6, and 13, 2021.  The Beyers orally moved to amend their motion for temporary custody to one for legal custody.

The trial court granted the motion.  By judgment entry filed May 27, 2021, the trial court granted legal custody of the children to Clark, with visitation to the Beyers.

{¶ 6}  The Beyers filed appeals and this matter is now before this court for consideration.  The assignment of error in each appeal is identical and is as follows:

I

{¶ 7}  "THE COURT ERRED IN DETERMINING THAT THE APPELLANTS SHOULD NOT BE NAMED THE LEGAL CUSTODIANS OF THE MINOR CHILDREN."

I

{¶ 8}  In their sole assignment of error, the Beyers claim the trial court erred in granting legal custody to appellee.  We disagree.

{¶ 9}  R.C. 2151.353(A)(3) states the following in pertinent part:

(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.

{¶ 10} We agree with the following analysis set forth by our colleagues from the Eighth District in *In re D.T.,* 8th Dist. Cuyahoga Nos. 100970 and 100971, 2014-Ohio-4818, ¶ 19-22:

Legal custody is significantly different than the termination of parental rights in that, despite losing legal custody of a child, the parent of the child retains residual parental rights, privileges, and responsibilities. *In re G.M.,* 8th Dist. Cuyahoga No. 95410, 2011-Ohio-4090, ¶ 14, citing R.C. 2151.353(A)(3)(c). In such a case, a parent's right to regain custody is not permanently foreclosed. *In re M.J.M.* [8th Dist. Cuyahoga No. 94130, 2010-Ohio-1674] at ¶ 12. For this reason, the standard the trial court uses in making its determination is the less restrictive "preponderance of the evidence." *Id.* at ¶ 9, citing *In re Nice,* 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001). "Preponderance of the evidence" means evidence that is more probable, more persuasive, or of greater probative value. *In re C.V.M.,* 8th Dist. Cuyahoga No. 98340, 2012-Ohio-5514, ¶ 7.

Unlike permanent custody cases in which the trial court is guided by the factors outlined in R.C. 2151.414(D) before terminating parental rights and granting permanent custody, R.C. 2151.353(A)(3) does not provide factors the court should consider in determining the child's best interest in a motion for legal custody. *In re G.M.* at ¶ 15. We must presume that, in the absence of best interest factors in a legal custody case, "the legislature did not intend to require the consideration of certain factors as a predicate for granting legal custody." *Id.* at ¶ 16. Such factors, however, are instructive when making a determination as to the child's best interest. *In re E.A.* [8th Dist. Cuyahoga No. 99065, 2013-Ohio-1193] at ¶ 13.

The best interest factors include, for example, the interaction of the child with the child's parents, relatives, and caregivers; the custodial history of the child; the child's need for a legally secure permanent placement; and whether a parent has continuously and repeatedly failed to substantially remedy the conditions causing the child to be placed outside the child's home.  R.C. 2151.414(D).

Because custody determinations " 'are some of the most difficult and agonizing decisions a trial judge must make,' " a trial judge must have broad discretion in considering all of the evidence.  *In re E.A.* at ¶ 10, quoting *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).  We therefore review a trial court's determination of legal custody for an abuse of discretion.  *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).  An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Accord, In re L.D.,* 10th Dist. Franklin No. 12AP-985, 2013-Ohio-3214; *Stull v. Richland County Children Services,* 5th Dist. Richland Nos. 11CA47 and 11CA48, 2012-Ohio-738.

{¶ 11} As noted by the trial court in its judgment entry, it was faced "with two equally suitable placement options" for the children.  The trial court did not base its decision on "who has the 'best' house, or who has the 'best' finances, but what is in the 'best interests' of these children."  The trial court determined, "[w]hat is 'best' for these

children is the continued stability in placement and services.  [X.] has only bonded with Ms. Clark."  After making extensive findings, the trial court granted legal custody of the children to Clark and granted visitation to the Beyers.  Both the agency and the children's guardian ad litem favored legal custody to Clark.

{¶ 12} The Beyers argue as paternal aunt and uncle, they are actual relatives of the children and Clark is not; therefore, they should have been granted legal custody. Although Clark is not a blood relative to the subject children, her two older children are their first cousins.  While relative placement may be favored, it is not a sole determining factor.

{¶ 13}  As quoted above, custody determinations " 'are some of the most difficult and agonizing decisions a trial judge must make,' " and this case is a prime example.  All parties are suitable and want to step up and raise these children.  All parties are to be commended.  However, the trial court was required to make a decision, and chose Clark. A review of the transcript supports the trial court's extensive findings.  T. at 26-32, 34-37, 48, 57, 62-66, 68-69, 81-82, 84-85, 88, 92-93, 98-100, 108-109, 113, 130, 142, 152, 161-162, 182, 191-192, 194, 211-212, 219-220, 222-223, 237, 266, 278-279.  We cannot say the trial court abused its discretion in determining the children would have continued stability with Clark which is in the best interests of the children.

{¶ 14} We note mother has not lost custody of her children and reunification with mother is still a possibility.  Mother agreed to place her children with Clark under the safety plan, and Clark lives closer to mother which would aid with visitations if granted in the future.

{¶ 15} Upon review, based upon a preponderance of the evidence presented, we cannot say the trial court abused its discretion in granting legal custody to Clark.

{¶ 16} The sole assignment of error is denied.

{¶ 17} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Baldwin, J. concur.


EEW/db